1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO
3
4

BARBARA GARCED-GARCIA,

    Petitioner,                     Civil No. 12-1179 (JAF)

    v.                         (Crim. No. 10-231-02 (JAF))

UNITED STATES OF AMERICA,

    Respondent.

5
6

7  **OPINION AND ORDER**

8      Petitioner, Barbara Garced-García, brings this petition under 28 U.S.C. § 2255 for

9  relief from sentencing by a federal court, alleging that the sentence imposed violated her

10 rights under federal law.  She requests an order to vacate, set aside, or correct the

11 sentence imposed in Cr. No. 10-231.  (Docket No. 9.)

12 **I.**

13 **Background**

14     Petitioner was charged with five drug-related offenses, including the lead role as

15 owner-operator of a drug point located within the Práxedes Santiago public housing

16 project.  On October 4, 2010, pursuant to a plea agreement entered under the provisions

17 of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, Petitioner pled

18 guilty to conspiracy to distribute narcotics in a protected location.  (Crim. Docket

19 Nos. 760 & 762.)  We sentenced Petitioner to 151 months.  (Cr. Docket No. 1559.)

20 Petitioner appealed her conviction.  Petitioner filed a Section 2255 petition.  (Docket

21 No. 1.)  On April 24, 2012, the government requested dismissal of Petitioner's initial

1   Section 2255 filing as premature, pending judgment from the First Circuit Court of

2   Appeals.  (Docket No. 4.)   We granted the government's motion.   (Docket No. 7.)

3   Judgment on her appeal was entered on November 14, 2012.  United States v. Garced-

4   García, No. 12-1274 (1st Cir. 2012).   Since Petitioner conceded in her pro-se

5   supplemental brief on appeal that she was ineligible for a reduction in sentence under 18

6   U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750, because the offense of conviction did

7   not involve crack cocaine, the First Circuit affirmed our order denying her motion to

8   reduce sentence.  Id. The First Circuit allowed Petitioner to file a 28 U.S.C. § 2255

9   alleging the ineffective assistance of her counsel.  On October 3, 2011, Petitioner filed an

10  amended motion for relief under 28 U.S.C. § 2255.   (Docket No. 9.)   Respondent

11  opposes.  (Docket No. 18.)

12                                              **II.**

13                                      **Legal Standard**

14          A federal district court has jurisdiction to entertain a § 2255 petition when the

15  petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A

16  federal prisoner may challenge her sentence on the ground that, inter alia, it "was

17  imposed in violation of the Constitution or laws of the United States."  Id.  A petitioner

18  cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless

19  she can demonstrate both cause and actual prejudice for her procedural default.  See

20  United States v. Frady, 456 U.S. 152, 167 (1982).  Indeed, "[p]ostconviction relief on

21  collateral review is an extraordinary remedy, available only on a sufficient showing of

22  fundamental unfairness."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).

23  Claims of ineffective assistance of counsel, however, are exceptions to this rule. See

24  Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise

1   ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255

2   review).

3                                              **III.**

4                                        **Discussion**

5          Because Petitioner appears pro se, we construe her pleadings more favorably than

6   we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

7   Nevertheless, Petitioner's pro-se status does not excuse her from complying with

8   procedural and substantive law.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

9          Petitioner asserts claims of ineffective assistance of counsel related to her plea

10  agreement.  To prevail on an ineffective assistance of counsel claim, movant must show

11  (1) that counsel's performance fell below an objective standard of reasonableness, and (2)

12  that there is a reasonable probability that, but for counsel's errors, the result of the

13  proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687,

14  104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Both prongs of the Strickland test must be met

15  to demonstrate ineffective assistance.  Id.

16         Petitioner claims that counsel was ineffective in failing to discuss with her the

17  terms of the plea agreement or her PSI report.  The record reflects that, at the change-of-

18  plea hearing, Petitioner acknowledged having discussed the case with counsel:

19                 THE COURT: Have you been able to discuss this case and
20                 your decision to plead with your attorney?
21
22                 DEFENDANT GARCED-GARCIA: Yes, sir.
23
24                 THE COURT: Are you satisfied with the work that your
25                 attorney's doing for you?
26
27                 DEFENDANT GARCED-GARCIA: Yes, sir.

1    THE COURT: Very well. And, Counsel, do you concur that
2    she's competent to plead? Counsel, do you concur that she
3    appears to be competent to –

4
5    MR. NORIEGA: Yes, Your Honor, I do.

6
7    (Crim. Docket No. 1988 at 6-7)

8    It is a well-established principle of law that a defendant's "declarations in open

9    court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74

10   (1977); see also United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003)

11   ("Ordinarily, a defendant is stuck with the representations that he himself makes in open

12   court at the time of the plea."); United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir.

13   1994) (stating that the court will not permit a defendant to turn his back on his own

14   representations to the court merely because it would suit his convenience to do so);

15   United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (a defendant's solemn

16   declarations in open court affirming a plea agreement carry a strong presumption of

17   verity because courts must be able to rely on the defendant's statements made under oath

18   during a properly conducted Rule 11 plea colloquy).  Moreover, seven days prior to

19   Petitioner's plea hearing, Petitioner's counsel sent the government a signed letter

20   indicating that counsel was meeting with Petitioner and keeping her informed of the

21   ongoing plea negotiations.  (Docket No. 18-1).  Therefore, without more, we rely on the

22   admissions Petitioner made in open court as being true.  Petitioner's claim that her

23   counsel failed to discuss the plea agreement fails.

24   Petitioner also alleges that counsel was ineffective for failing to discuss the drugs

25   that she ultimately stipulated to (three point five but less than five kilograms of cocaine).

26   Petitioner alleges that since she was charged "as to being an Owner/Supervisor to a crack

27   offense, therefore the stipulation to cocaine lacks any basis in the record." (Docket No. 9-

1    1, at 12, 14).  Petitioner was charged in a conspiracy to possess with intent to distribute

2    multiple narcotic drug controlled substances—including, heroin, cocaine base, cocaine,

3    marijuana, Oxycodone (Percocet), and Alprozalam (Xanax)—for an extensive period of

4    time extending from 1994 to June 22, 2010.  Even if true that she only controlled the

5    crack distribution aspect of the operation for ten or eleven years, this could still be

6    evidence of the existence of the conspiracy and her voluntary participation in it.  United

7    States v. Rivera–Ruiz, 244 F.3d 263, 267-68 (1st Cir. 2001).

8           Under such circumstances, Petitioner's counsel made a strategic decision to keep

9    her from being found guilty of conspiracy to possess with intent to distribute other drugs

10   in amounts that could have resulted in much greater base offense levels than those

11   stipulated in her plea.  Such a decision receives a high level of deference.  Strickland, 466

12   U.S. at 690 ("Strategic choices made after thorough investigation of law and facts

13   relevant to plausible options are virtually unchallengable.").  Petitioner's claim that the

14   stipulation to cocaine "lacks any basis on the record" is meritless.

15          Petitioner claims counsel was ineffective because she "was indicted and plead

16   [sic] of Title 21 U.S.C. Sec. 841(a)(1), Sec. 846, and 860" but that "[s]ection 860 itself is

17   a substantive criminal statute, not a mere sentence enhancement for Sec. 841(a)(1)."

18   (Docket No. 9-1 at 48.)  In other words, Petitioner claims counsel exposed her to double

19   jeopardy by punishing her for multiple offenses.  We did not find Petitioner guilty in

20   separate counts for the same offense, however.  Rather, we accepted her plea and found

21   her guilty of one count—imposing one sentence.  All of the statutes cited by Petitioner

22   were included in the same count of the indictment and again in the judgment because

23   Section 860, standing alone, does not state all of the elements of the offense.  This does

24   not create multiple punishments.  See United States v. Rivera-Rodriguez, 617 F.3d 581

Civil No. 12-1179 (JAF)                                                      -6-

(1st Cir. 2010) (affirming conviction for conspiracy to possess with intent to distribute and distribution of narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860). Petitioner's claim, therefore, is meritless.

       Petitioner further claims that counsel was ineffective because "he did not present argument that the government did not submit a motion to reduce [her] sentence by an additional 1-level under USSG Sec. 3E1.1.(b)." (Docket No. 9-1 at 31.)  As part of her plea agreement, Petitioner stipulated to a two-level reduction for acceptance of responsibility.  (Crim. Docket No. 760 at 3-4.)  Moreover, Petitioner acknowledged the sentencing guidelines calculations stipulated with the government:

>       THE COURT: Each one of you in your Plea Agreement have
>       also suggested a guideline calculation for your respective
>       cases. In the case of -- in the case of Ms. Garced…Two points
>       are added for the protected location, the school, the Public
>       Housing Project…[and] a leadership adjustment of plus four.
>       [Y]ou [receive] a reduction for acceptance of criminal
>       responsibility.  In the case of Ms. Garced and Mr. Rosario,
>       it's going to be two points…The adjusted base offense level
>       for Ms. Garced and Mr. Rosario is 34.  In your case, Ms.
>       Garced, your Guideline Imprisonment Range, assuming a
>       Criminal History Category of I, is 151 to 188 months? Do
>       you understand that?
>
>       DEFENDANT GARCED-GARCIA: Yes, sir.

(D.E. 1988, pp. 31-32)

       Any objection by counsel to the sufficiency of the reduction for acceptance of responsibility granted at sentencing would have been futile.  United States v. Singer, 970 F.2d 1414, 1420 (5th Cir. 1992) (to receive reduction in base offense level under the sentencing guidelines for acceptance of responsibility defendant must accept responsibility for all facets of crime to which he either pled guilty or of which he was convicted).  Therefore, Petitioner's claim of ineffective assistance of counsel for the

1   failure to request the granting of an additional one level reduction for acceptance of

2   responsibility fails.

3          Petitioner contends that we erred in applying a four-level leadership enhancement

4   under Guidelines Section 3B1.1(a).   This contention fails: First, because Petitioner

5   acknowledged that she stipulated a four-level upward adjustment for her role in the drug

6   conspiracy, (Crim. Docket No. 1988 at 31), and second, because the record reflects that,

7   at the change-of-plea hearing, Petitioner also acknowledged that she exercised

8   considerable decision-making authority within the conspiracy—including exerting

9   control over at least five of the other participants in the conspiracy.   In other words,

10  Petitioner's counsel was not ineffective for failing to pursue a futile argument.   Vieux v.

11  Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (counsel's performance is not deficient for

12  declining to pursue a futile argument or tactic).

13         Finally, Petitioner alleges, in a conclusory manner, that she received a sentence

14  disproportionate to those meted out to her co-defendants.   Petitioner is precluded from

15  raising this issue in a Section 2255 motion because she failed to raise the issue on appeal.

16  See Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (failure to raise claims on

17  direct appeal from sentence generally bar defendant from raising them in a Section 2255

18  collateral attack unless there is cause for the failure and actual prejudice).

19                                          **IV.**

20                          **Certificate of Appealability**

21

22         In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

23  issuing a denial of § 2255 relief we must concurrently determine whether to issue a

24  certificate of appealability ("COA").   We grant a COA only upon "a substantial showing

25  of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make this showing,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## <u>Conclusion</u>

For the foregoing reasons, we hereby **DENY** Petitioner's amended § 2255 motion (Docket No. 9).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of February, 2014.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE